Lawrence B. Brennan (LB 4078)
Brooke Travis (BT 3979)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant, AL TUWAIRQI
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JH SHIPPING CO. LTD.,                  :      08 Civ. 5116 (SAS)
                    Plaintiff,         :
                                       :      **DEFENDANT'S ANSWER
    -against-                          :      TO PLAINTIFF'S
                                       :      COMPLAINT AND
AL TUWAIRQI,                           :      VERIFIED
                                       :      COUNTER CLAIM**
                    Defendant.         :
-------------------------------------------------------------X

Defendant, AL TUWAIRQI, (hereinafter "AT"), by and through his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to the Plaintiff's Verified Complaint and its Verified Counter Claim alleges upon information and belief as follows:

1.  Defendant admits the allegation contained in Paragraph "1" of the Verified Complaint.

2.  Defendant denies knowledge or information sufficient as to form a belief as to the truth of the matters asserted in Paragraphs "2" and "4" of the Verified Complaint.

3.  Defendant denies the allegations contained in Paragraph "3" of the Verified Complaint except admits that AT is a foreign business entity originated and existing under law.

4.  Defendant denies each and every allegation contained in Paragraph "6" of the Verified Complaint.

3317752.1

5. Defendant denies the allegations contained in Paragraphs "5", "7", "8", "9" and "11" of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

6. The Complaint fails to state a claim for which relief may be granted to Plaintiff against Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

7. The claims asserted in the Verified Complaint are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

8. The Plaintiff is not the real party of interest.

## FOURTH AFFIRMATIVE DEFENSE

9. The Plaintiff's claims were not brought in the proper venue.

## FIFTH AFFIRMATIVE DEFENSE

10. The parties agreed that the exclusive forum is London Arbitration. Thus, venue is improper.

## SIXTH AFFIRMATIVE DEFENSE

11. Defendant, AT, asserts that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

12. Defendant further asserts that Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

13. Alternatively, Defendant further asserts that Plaintiff's claims are barred because the sole cause of Plaintiff's damages, if any, were the fault, neglect, unseaworthiness, and misconduct attributable to its vessel, its master, officers, crew, owners, managers, charterers, agents and operators, the unseaworthiness of the vessel, breach of warranties and the breach of the charter party.

## NINTH AFFIRMATIVE DEFENSE

14. Alternatively, Defendant further asserts that Plaintiff's claims are barred because the damages alleged by Plaintiff were caused solely by the acts or omissions of the master, officers, crew, owners, operators, charterers, agents and managers of the Vessel and others over whom Defendant had no supervision or control and there was no damage as the result of any act or omission on the part of Defendant. Plaintiff should not recover any damages from Defendant which were caused by the acts or omissions of others over whom Defendant had no supervision or control.

## TENTH AFFIRMATIVE DEFENSE

15. Alternatively, Defendant further asserts that any act or omission attributed to it was not the legal proximate cause of any injury or damage suffered by Plaintiff. Rather, Plaintiff's damages, if any, were caused by the acts or omissions of the Vessel, its owners, charterers, managers, operators, agents, master, officers, crew and/or others for which Defendant has no legal responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

16.    Alternatively, and without waiving the foregoing, certain damages sought by Plaintiff were caused by the acts and omissions of persons over whom Defendant had no authority and for whom Defendant has no responsibility.

### TWELFTH AFFIRMATIVE DEFENSE

17.    The damages to The Vessel and her cargo, if any, were the result of an act of God as to the damage, without any fault, negligence or want of due care on the part of the Defendant, its agents, servants, employees, fuel or equipment and therefore the same was the result of an inevitable accident.

### THIRTEENTH AFFIRMATIVE DEFENSE

18.    The Court lacks jurisdiction because Defendant, AT, was not properly served.

### FOURTEENTH AFFIRMATIVE DEFENSE

19.    Defendant is not liable to Plaintiff on the causes of action alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

20.    Any damages that may have been sustained by Plaintiff, as alleged in its Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of defendant, and as such Plaintiff is barred from recovery in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff herein failed to mitigate its damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22.    The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *Forum Non Conveniens*.

3317752.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

23. The action, or part thereof, is founded upon improper venue and should be transferred pursuant to 28 U.S.C. § 1404.

## COUNTERCLAIM

24. Defendant, by his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, alleges upon information and belief as follows:

### JURISDICTION AND NATURE OF THE COUNTERCLAIM

25. This is a case of alleged property damage to a vessel, civil and maritime, and is an admiralty and maritime claim within the meaning of Rule 9(h) Fed. R.Civ.P.

26. The Court has jurisdiction over the subject matter of this Complaint pursuant to U.S. Constitution, Art. III § 2 and 28 U.S.C. § 1331(1).

27. The Court also has jurisdiction pursuant to 28 U.S.C. § 1337 and 9 U.S.C. §§ 1 *et. seq.* in that these causes of action arise under acts of Congress regulating commerce and arbitration of international and disputes.

### THE PARTIES

28. JH SHIPPING CO. LTD., ("J.H. Shipping") is a corporation duly organized under the laws of the Republic of Korea with a principal place of business located at Seoul, Republic of Korea and at all material times was the owner, charterer or owner of M/V HAI 128.

29. Defendant, AT, is a legal entity, existing under the laws of one or more foreign sovereigns, which has a place of business in Saudi Arabia. AT was a subcharterer of the ship and had entered into a contract for the subcharter with Plaintiff.

30. Plaintiff has agreed to arbitrate its disputes with AT in London.

31.  Motor Vessel ZHE HAI 128 is now, or during the pendency of this action, will be within this District.

## CLAIMS FOR RELIEF

32.  Defendant repeats and realleges the allegations contained in paragraphs "23" through "30" of this counterclaim.

33.  Plaintiff is a party of a charter party contract with defendant that is the subject of this litigation. Pursuant to the valid terms and conditions of the parties' contract, Plaintiff agreed to arbitrate all disputes in London.

34.  Defendant has demanded that Plaintiff arbitrate in London the disputes which are the subject of this litigation.

35.  By reason of these premises, the Court has jurisdiction over the parties, and pursuant to the Federal Arbitration Act [9 U.S.C. §§ 1 *et. seq.*] should enter an Order compelling the Plaintiff to submit to London arbitration with defendants of all disputes which are the subject of this Complaint and stay all further proceedings.

36.  By charter party contract entered into on January 19, 2007 on the NYPE 1946 charter party form, Plaintiff, as despondent owner, chartered to AT the Motor Vessel ZHE HAI 128.

37.  Wrongfully, in breach of its obligations under the charter party, Plaintiff misdescribed its vessel and otherwise breached its charter party contract and warranties.

38.  Pursuant to the charter party, all disputes must be submitted to arbitration in London with English Law to apply. The parties have commenced arbitration and have served their claim submissions.

39. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Defendant expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| A. | Principal claim for interest on principal claim: | $186,397.00 |
| B. | Attorneys' fees and costs of arbitration: | $ 30,000.00 |
| **Total:** | | $216,397.00 |

40. The Plaintiff cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Plaintiff has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishes which are believed to be due and owing to the Plaintiff.

41. The Defendant seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any assets of the Plaintiff held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Plaintiff, and to secure the Defendant's claims as described above.

**WHEREFORE**, Defendant, AT, prays for the following relief:

A. That process in due form of law issue against Plaintiff, citing it to appear and answer under oath all and singular the matters alleged in the Verified Counterclaim;

B. That the Court retain jurisdiction to compel the Plaintiff to arbitrate, if necessary, in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et. seq*;

C. That since the Plaintiff cannot be found within this District pursuant Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funs held by garnishee within the District which are due and owing to the Plaintiff, in the amount of $216,397.00 calculated to date to secure the Defendant's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court.

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Defendant his attorney's fees and costs of this action; and

G.  That the Defendant have such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
August 6, 2008

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Lawrence B. Brennan (LB 4078)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant
AL TUWAIRQI
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 11157.00001

TO:  Charles E. Murphy
MURPHY & LENNON, LLC
The Graybar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
(212) 490-0050

3317752.1

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

LAWRENCE B. BRENNAN, being duly sworn, deposes and says:

Defendant is a foreign business entity not present within the District. Thus, I submit this Verification based upon documents received and reports provided by and on behalf of my client.

That I am member of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for Defendant, AL TUWAIRQI; that I have read the foregoing Verified Complaint and the same is true to the best of my knowledge, information, and belief.

That the source of my information and the grounds for my belief as to all matters are documents and correspondence relating to the matters in suit in possession of my said firm.

_____
LAWRENCE B. BRENNAN (LB 4078)

Sworn to before me this
6th day of August, 2008

_____
NOTARY PUBLIC

Wendy J. Finkelstein
Notary Public No. 02FI6071653
Qualified in New York County
State of New York
Commission Expires 5/16/10

3317752.1

10