USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JH SHIPPING CO. LTD.,

              Plaintiff,   :   08 Civ. 5116 (SAS)

   - against -   :   ECF CASE

AL TUWAIRQI,

             Defendant.
------------------------------------------------------------X

## CONSENT ORDER VACATING ATTACHMENT AND JUDGMENT DISMISSING COMPLAINT AND COUNTERCLAIMS

UPON THE CONSENT OF THE PARTIES, Plaintiff JH SHIPPING CO. LTD., (hereinafter referred to as "Plaintiff") and Defendant AL TUWAIRQI, (hereinafter referred to as "Defendant") (Plaintiff and Defendant hereinafter referred to collectively as "the Parties"),

IT IS HEREBY ORDERED that:

WHEREAS, on or about June 4, 2008 this action was commenced by Plaintiff against Defendant in respect of a claim for nonpayment of hire arising under a charter party dated January 19, 2007 for the M/V ZHE HAI 128;

WHEREAS, this action is ancillary to an ongoing arbitration between the Parties in London, England (hereinafter referred to as "the London Arbitration"), which is the forum provided by the governing charter party, wherein the Parties have asserted claims and counterclaims;

WHEREAS, on or about June 4, 2008 the Court issued an *ex parte* order of maritime attachment (hereinafter referred to as "the Attachment Order") that authorized the restraint of Defendant's funds within the District in an amount up to $136,881.98;

3341124.1

WHEREAS, on or about June 27, 2008 garnishee Bank of America advised Plaintiff that it had attached Defendant's electronic funds transfer payment and restrained the amount of $108,860.00;

WHEREAS, on or about June 30, 2008 garnishee Citibank advised Plaintiff that it had attached Defendant's electronic funds transfer payment and restrained the amount of $4,960.00;

WHEREAS, on or about July 10, 2008 garnishee Bank of New York advised Plaintiff that it had attached Defendant's electronic funds transfer payment and restrained the amount of $2,980.00;

WHEREAS, on or about July 18, 2008 garnishee HSBC advised Plaintiff that it had attached Defendant's electronic funds transfer payment and restrained the amount of $20,081.98;

WHEREAS, the total of the restrained payments described above equals $136,881.98 (hereinafter referred to as "the Attached Funds"), *i.e.*, the same amount as the Attachment Order;

WHEREAS, on July 23, 2008 and July 30, 2008 Plaintiff, JH SHIPPING CO., LTD. issued "Cease and Desist Orders" to various banks within the District; and

WHEREAS, on August 6, 2008, Defendant, AL TUWAIRQI, filed an answer to the complaint in this action with cross-claims asserting a claim for breach of charter party in the amount of $186, 397.00, One Hundred Eight Six Thousand and Three Hundred Ninety Seven U.S. Dollars; and

WHEREAS on August 6, 2008, Defendant, AL TUWAIRQI, requested a hearing pursuant to Fed. R. Civ. P. Supplemental Rule E (4) (f) to seek countersecurity or to vacate the attachment and stay the underlying London Arbitration; and

WHEREAS, on August 12, 2008 the Parties appeared at a pre-motion conference before the Court whereby Defendant requested an Order compelling Plaintiff to post countersecurity pursuant to Supplemental Admiralty Rule E(7) of the Federal Rules of Civil Procedure;

WHEREAS, on August 12, 2008, the Court ordered that Plaintiff elect either to post countersecurity by August 22, 2008 at 5:00 p.m. or to release the Attached Funds such that the Parties would proceed with their underlying claims and counterclaims in the London Arbitration without pre-judgment security from the other;

WHEREAS, on August 21, 2008 Plaintiff advised the Court that the Attached Funds should be released and that Plaintiff had decided against posting countersecurity;

WHEREAS, the Attachment Order was automatically vacated at 5:00 PM on August 22, 2008 by virtue of the Court's August 12, 2008 Order and that now the Attached Funds should be immediately released;

WHEREAS, Defendant represents that it holds a property interest in the Attached Funds sufficient to authorize it to have the Attached Funds released pursuant to its instructions;

WHEREAS, the Parties agree that the Attached Funds should be immediately released by the respective garnishees, *i.e.*, Bank of America, Citibank, Bank of New York, and HSBC, pursuant to the written wire payment instructions to be provided to them by Defendant or by Defendant's counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP;

3341124.1

NOW THEREFORE IT IS ORDERED AND ADJUDGED THAT:

1. The Verified Complaint entitled, "JH SHIPPING CO., LTD., Plaintiff, against AL TUWAIRQI, Civil Action Number 08 Civ. 5116 (SAS)" is hereby dismissed, that the Order of Attachment dated June 4, 2008 is hereby vacated, and those funds plus all interest accrued since the date of attachment held by the garnishees pursuant to that Order of Attachment dated June 4, 2008 are released forthwith. The Counterclaims asserted by Defendant in its Answer also are dismissed pursuant to Rule 41 (a) Fed. R. Civ. P.

2. The Attached Funds are to be immediately released by the respective garnishees, *i.e.*, Bank of America, Citibank, Bank of New York, and HSBC, pursuant to the written wire payment instructions to be provided to them by Defendant or by Defendant's counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP;

3. Plaintiff and Defendant shall not seek pre-judgment security from one another by way of attachment, arrest or otherwise, whether in New York or anywhere else, in support of their underlying claims and counterclaims which are the subject of the London Arbitration between them, *i.e.* the Parties shall each proceed in the London Arbitration without the benefit of pre-judgment security from the other and that all claims, counterclaims, and applications for fees, costs, *etc.* are reserved for the London Arbitration Proceeding;

4. The Parties reserve all rights in respect of seeking confirmation and enforcement of any arbitration award(s) that may ultimately be issued by the London Arbitration tribunal;

5. This action is hereby dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure with prejudice except it shall be reinstated, upon written request of either party, solely for the purposes of seeking enforcement of this Order or confirmation and enforcement or vacature of any arbitration award(s) that may be issued by the London Arbitration tribunal;

4

3341124.1

6. The London Arbitration between the Parties shall continue in the normal course and is unaffected by Order and shall not be stayed pursuant to Fed. R. Civ. P. Supplemental Rule E (7) (a).

*The Clerk is directed to close this case.*

Dated: New York, New York
August 29, 2008

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

WE CONSENT TO THE ENTRY OF THE FOREGOING ORDER:

Dated: New York, New York
August 29, 2008

| | |
|---|---|
| LENNON, MURPHY & LENNON, LLC<br>Attorneys for Plaintiff<br>JH SHIPPING CO. LTD. | WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>Attorneys for Defendant<br>AL TUWAIRQI |
| By: _____<br>Charles E. Murphy (CM 2125)<br>The Gray Bar Building<br>420 Lexington Ave., Suite 300<br>New York, New York 10170<br>(212) 490-6050- phone<br>(212) 490 6070-fax<br>cem@lenmur.com | By: _____<br>Lawrence B. Brennan (LB-4078)<br>150 E. 42nd Street<br>New York, New York 10017<br>(212) 490-3000 - phone<br>(212) 490-3038 - fax<br>Lawrence.Brennan@wilsonelser.com |

3341124.1